IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN CREAR, SR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0463-N |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| ET AL. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On July 22, 2010, the court ordered plaintiff to show cause why his claims against Mortgage Electronic Registration Systems, Inc. ("MERS"), Deutsche Bank National Trust Company, ("Deutsche Bank") and Washington Mutual Bank ("WaMu") should not be dismissed without prejudice for failure to effect service on those defendants. *See* Order, 7/22/10 at 1, *citing* FED. R. CIV. P. 4(m) (requiring plaintiff to effect proper service on defendants within 120 days after complaint is filed). In response to that order, plaintiff states that both MERS and WaMu were served through the Texas Secretary of State before this action was removed from state court to federal court. No explanation was offered by plaintiff for failing to serve Deutsche Bank.

Plaintiff correctly points out that under the Texas long arm statute, Tex. Civ. Prac. & Rem. Code Ann. § 17.044, the Secretary of State is an agent for service of process on a non-resident defendant who:

> (1) is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process;

> (2) has one or more resident agents for service of process, but two unsuccessful attempts have been made on different business days to serve each agent; or
>
> (3) is not required to designate an agent for service in this state, but becomes a nonresident after a cause of action arises in this state but before the cause is matured by suit in a court of competent jurisdiction.

TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(a) (Vernon 2008). Once the Secretary of State is properly served with process, it must mail such process to the non-resident defendant's home or home office. *See id.* § 17.045(a). Even if the court assumes that the Texas Secretary of State is the statutorily appointed agent for service of process on MERS, there is no evidence in the record that this defendant was served with a citation and a copy of the state court petition through the Secretary of State. Rather, the return of service included in the removal papers shows that the citation and a copy of the state court petition were mailed directly to Robert Jacobson, as registered agent for MERS, at 101-C North Greenville Avenue, #750, Allen, Texas 75002. No attempt was made by plaintiff to send the citation and petition to the Secretary of State. Thus, MERS was not properly served under section 17.044.

Although WaMu was served through the Texas Secretary of State, that defendant was in receivership under FDIC control at the time this action was filed. (*See* Not. of Rem. at 3, ¶ 5). As a result, the FDIC, not WaMu, is the proper party to this action. *See Walker v. F.D.I.C.*, 970 F.2d 114, 119 (5th Cir. 1992). Plaintiff does not argue, much less prove, that the FDIC was served with process in this case. Nor is there any evidence that plaintiff has attempted to serve Deutsche Bank.

## RECOMMENDATION

Plaintiff has failed to demonstrate good cause for failing to properly serve MERS, Deutche Bank and the FDIC, the successor-in-interest to WaMu, within 120 days after his complaint was

filed. Because plaintiff does not request an opportunity to cure any defects in service,[1] his claims against these defendants should be dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 13, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The magistrate judge previously recommended granting summary judgment in favor of JPMorgan Chase Bank, N.A., the only defendant to answer and appear herein. Plaintiff's claims against the other defendants fail for the same reasons set forth in that recommendation. Therefore, even if plaintiff had requested an opportunity to cure any defects in service, the court would be hard pressed to grant such relief.